IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENVIL W. ALLEN, JR., and DONNA R. ALLEN, | § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. H-07-2228 |
| COMMISSIONER OF INTERNAL REVENUE, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are defendant's Motion to Dismiss for Failure to Serve Process (Docket Entry No. 4) and plaintiffs' Motion to Have Court Serve Summons and Complaint upon Defendant (Docket Entry No. 5). For the reasons explained below, plaintiffs' motion will be denied and defendant's motion will be granted.

Upon the filing of their complaint, plaintiffs had 120 days to properly serve defendant with process. Fed. R. Civ. P. 4(m). To properly serve the United States Government, its officers, agents, or employees, plaintiffs were required to deliver

> a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court and by sending a copy of the summons and the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia[.]

Fed. R. Civ. P. 4(i)(1)-(2).  Moreover, since plaintiffs are challenging the action of a federal agency (the Internal Revenue Service) they must also serve the Internal Revenue Service with a copy of the summons and a copy of the complaint via registered or certified mail.  Id.  Failure to properly serve a defendant within 120 days of filing a complaint subjects the complaint to dismissal. Fed. R. Civ. P. 4(m).  Defendant contends that plaintiffs failed to follow these procedures within the 120-day requirement and that plaintiffs' complaint should therefore be dismissed.  The court agrees.

Plaintiffs filed their complaint on July 10, 2007.[1]  Under Rule 4(m), plaintiffs were required to serve defendant by November 7, 2007.  Because defendant has challenged plaintiffs' method of service of process, the burden is on the plaintiffs to prove either that they validly served defendant with process or that they had good cause for failing to properly serve defendant. Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).  Plaintiffs have not made either showing.

Plaintiffs have not shown that they served the United States Attorney General, the United States attorney, or an assistant United States attorney or authorized clerical employee, with a copy

---

[1]Plaintiffs' Complaint Against Commissioner of Internal Revenue Services, Docket Entry No. 1.

of the summons and a copy of the complaint.  Instead, plaintiffs argue that it was sufficient to mail a waiver of service to defendant with a copy of the complaint.  The portion of Rule 4 that provides for waiver of service does not apply to the United States or its agencies; it applies only to persons "subject to service under subdivision (e), (f), or (h) . . . ."  Fed. R. Civ. P. 4(d)(2).  The United States and its agencies, however, are subject to service under subdivision (i). Fed. R. Civ. P. 4(i).  Thus, by mailing a waiver of service, and by failing to effect service in accordance with Rule 4(i), plaintiffs failed to properly serve defendant.[2]

While failing to provide proper service of process within 120 days may be excused upon a showing of good cause, plaintiffs have not made that showing.  To establish good cause plaintiffs must show more than inadvertence, mistake, or ignorance of the rules. Systems Signs Supplies, 903 F.2d at 1013.  However, plaintiffs' only explanation for why they failed to properly serve defendant is that they are proceeding pro se, and that therefore the rules do

---

[2]As for plaintiffs' contention that the Internal Revenue Agency is not a government agency, see Plaintiffs' Motion to Have Court Serve Summons and Complaint upon the Defendant, Docket Entry No. 5, p. 2, the court "perceive[s] no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner of Internal Revenue, 737 F.2d 1417, 1417 (5th Cir. 1984).

not apply to them, at least not as stringently.³ While the court may liberally construe a pro se pleading, pro se status, without more, does not constitute good cause for purposes of effectuating timely service. <u>Systems Signs Supplies</u>, 903 F.2d at 1013 ("Pro se status does not excuse a litigant's complete failure to effect service.").

Plaintiffs request that the court serve defendant on their behalf.⁴ It is the plaintiffs' requirement to serve the defendant, not the court's. Plaintiffs' motion will therefore be denied.

Accordingly, the court **DENIES** plaintiffs' Motion to Have Court Serve Summons and Complaint (Docket Entry No. 5), and **GRANTS** defendant's Motion to Dismiss for Failure to Serve Process (Docket Entry No. 4).

**SIGNED** at Houston, Texas, on this 14th day of November, 2007.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

³Plaintiffs' Response to Defendant's Motion to Dismiss, Docket Entry No. 7, pp. 1-2.

⁴<u>See</u> Plaintiffs' Motion to Have Court Serve Summons and Complaint, Docket Entry No. 5, p. 1.